DeForest C. Pitt, J.
This is an article 78 proceeding brought to declare null and void a determination of respondent, B. A. *609 Cook, as Central Permit Agent of the Department of Conservation of the State of New York. The subject determination was made on September 14, 1967, and, by the same, petitioner’s application requesting the approval of the construction of a bulkhead on the waters of Lake Ontario was denied. The respondents have moved to dismiss the petition upon objections and point of law.
The main thrust of the motion to dismiss is founded upon the proposition advanced by the respondents that the petitioner has failed to exhaust her administrative remedies for the bringing of this proceeding and therefore the court lacks jurisdiction of the subject matter.
Section 429-d (art. 5, part III-A) of the Conservation Law provides in part that the commission, ‘ ‘ may make rules and regulations * * * (c) providing for review by the Commission of any action taken ”. Pursuant to such authority the commission adopted rules providing for a review by the commission of any determination made by a central permit agent. The pertinent rule reads in part as follows: “ Review by commission. Any determination made by a local or central permit agent under this Part shall be subject to review by the commission upon application in writing. Such application shall be made by the applicant, objector, or party in interest within 30 days of notification of the action or determination sought to be reviewed. ” (6 NYCRR 611.13).
The court has reviewed the various cases cited by the petitioner in support of her position that the 30-day limitation is void in that it provides for a shorter period of time than is provided in section 432 of the Conservation Law. Also reviewed have been the authorities cited in support of the position that the doctrine of exhaustion of administrative remedies can be avoided when the administrative determination is attacked as being in excess of jurisdiction. It is this court’s opinion that all of these authorities are for various reasons distinguishable. It is to be noted that the court is of the opinion upon reading the petition as well as the other papers submitted to this court that the petitioner has not presented and the facts do not present a constitutional question for determination.
Accordingly, the motion to dismiss will be granted. However, while the question is not presented to this court as to whether or not the administrative body should, under the circumstances and in its discretion, accept an application for review by the commission and afford to the petitioner such review at this time, the court nonetheless will comment that the substantial questions of property rights involved would appear to compel *610 the allowances of the same. Such questions considered together with the diligent efforts of the petitioner to attempt to comply with the subject regulations might well compel a determination that a refusal of administrative review at this juncture would be most arbitrary.